**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  11-CV-03186-RPM

MARK PETERS AND PATRICIA PETERS,

Plaintiffs,

v.

COMMUNITY CONNECTIONS, INC. EMPLOYEE BENEFIT PLAN;
COMMUNITY CONNECTIONS, INC., a Colorado Corporation;
REGIONAL CARE, INC., a Nebraska Corporation

Defendants.

_____

**DEFENDANT REGIONAL CARE, INC.'S MOTION TO DISMISS PLAINTIFFS'
CLAIMS PURSUANT TO F.R.C.P. 12(b)(6) FOR FAILURE TO STATE A CLAIM**
_____

Defendant Regional Care, Inc. ("RCI"), through counsel, Kennedy Childs P.C., respectfully submits the following Motion to Dismiss Plaintiffs' Claims Pursuant to F.R.C.P. 12(b)(6):

**OVERVIEW**

This action arises out of a claim for benefits under a employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA").  Plaintiffs Patricia and Mark Peters were participants or beneficiaries in the Community Connections, Inc. Employee Benefit Plan ("Plan").  *Compl.* (Doc #1), ¶ 2. Community Connections, Inc. ("Community Connections") provided the Plan as a benefit to

Mrs. Peters as an employee of Community Connections. Community Connections was the Plan Administrator and Plan Sponsor. Doc. #1, ¶ 11. Defendant Regional Care, Inc. ("RCI") was the third party claims administrator of the Plan. Doc. #1, ¶ 3.

On June 23, 2010, Plaintiff Mark Peters was injured while on his farm. Doc. #1, ¶ 30. He sought medical treatment, and submitted his claims for medical benefits to the Plan. RCI processed the claims. On January 10, 2011, RCI informed the Plaintiffs that "The Plan Sponsor" made a "final decision to deny the claims []based upon the Plan Document and information provided by Mark [Peters]." Exhibit E to Doc #1.[1]

Plaintiffs now bring two claims against RCI: first, a claim under ERISA section 502(a)(1)(B)[2] to recover benefits due to Mr. Peters; and second a claim that RCI breached its fiduciary duties to the Plaintiffs.[3] However, Plaintiffs cannot recover against RCI for these causes of action. First, ERISA does not permit a participant or beneficiary to recover benefits due to him from a third party claims administrator like RCI. Second, Plaintiffs cannot recover from RCI for a breach of a fiduciary duty because RCI was not a fiduciary, and even if it was, ERISA does not allow recovery against a third party claims administrator to for individual benefits or allow recovery for a breach of fiduciary duties under the circumstance here.

---

[1] **Exhibit 1** to this Motion the Plaintiffs' exhibits to their Complaint referenced herein.

[2] Plaintiffs' Complaint refers to ERISA 502(a)(1)(B); which is codified at 29 U.S.C. 1132 (a)(1)(B).

[3] The Complaint asserts RCI breached its fiduciary duties to Plaintiffs under ERISA §§ 404(a) and 502(a)(1)(B). Neither of these sections provide for private causes of action for breaches of fiduciary duty. RCI assumes Plaintiffs intended to assert a breach of fiduciary duty under section 1132(a)(2) and/or 1132(a)(3) instead.

**PLEADING STANDARDS GOVERNING RULE 12(b)(6) MOTIONS TO DISMISS**

For the purposes of a 12(b)(6) motion to dismiss, the court must accept all factual allegations as true and resolve all reasonable inferences in favor of the plaintiff. *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011). To survive a 12(b)(6) motion to dismiss, the pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition to the complaint, the court "may consider attached exhibits and documents incorporated into the complaint, so long as the parties do not dispute the documents' authenticity." *Kerber*, 647 F.3d at 959. RCI does not dispute the authenticity of the documents attached to Plaintiffs' Complaint.

**I.    ERISA Does Not Provide a Private Right of Action for a Plan Participant or Beneficiary to Recover Against Defendant-RCI as a Third Party Claims Administrator, Therefore Plaintiffs' First Claim for Relief Fails to State a Claim upon Which Relief Can Be Granted.**

Plaintiffs bring their first claim for relief under ERISA § 1132(a)(1)(B). Section 1132(a)(1)(B) provides, "A civil action may be brought (1) by a participant or beneficiary—(B) to recover benefits due to him under the terms of his plan, to enforce his right under the terms of the plan…" ERISA defines "plan" as "an employee welfare benefit plan…" 29 U.S.C. § 1002(3).

Plaintiffs admit "Defendant Community Connections, Inc. Employee Benefit Plan ("the plan") is an employee welfare benefit plan governed by ERISA, sponsored by Defendant Community Connections." Doc. #1, ¶ 4. The Plan Document attached as exhibit A to Plaintiffs' Complaint defines "Plan" as "Community Connections, Inc. Employee Benefit Plan, which is a

3

benefits plan for certain Employees of Community Connections, Inc. and is described in this document." Exhibit A to Doc. #1, ¶¶ 40, 82. The Plan Document identifies RCI as the third-party claims administrator. Exhibit A to Doc. #1, ¶ 82.

This District Court has dismissed ERISA 1132(a)(1)(B) claims against third party claims administrators because ERISA does not provide that a participant or beneficiary may bring a claim against anyone but the Plan. In *Kuntz v. Colorado Association of Soil Conservation Districts Medical Benefits Plan*, 840 F. Supp. 811 (D. Colo. 1994), the court held that the plaintiff could not bring a claim for benefits due to him against a third party claims administrator. There, the court held:

> ERISA provisions providing for recovery against the 'plan' cannot be used to recover against the 'plan administrator' because the terms 'plan' and 'plan administrator' refer to two entirely distinct actors…and are terms of art…Section 1132 (a)(1)B) contains no provision which would entitled the plaintiff to recover from any entity other than the PLAN for the alleged non-payment of benefits. Therefore, as a matter of law, the plaintiff cannot sustain a claim against [the third party administrator] pursuant to 29 U.S.C. § 1132(a)(1)(B) for recovery of such benefits.

*Id.* at 812 (citing *Walter v. Int'l Ass'n of Machinists Pension Fund,* 949 F.2d 310, 315 (10th Cir.1991) (quoting *Groves v. Modified Ret. Plan for Hourly Paid Emps. of the Johns Manville Corp. and Subsidiaries*, 803 F.2d 109, 116 (3rd Cir.1986)). As a result of this finding, the *Kuntz* Court granted the third party administrator-defendant's 12(b)(6) motion to dismiss. *Id.*

Likewise, in *Klover v. Antero Healthplans*, 64 F.Supp.2d 1003 (D. Colo. 1999), the court granted summary judgment on a similar issue. There, the plaintiffs sued the plan administrator, third party claims administrators, and the plan. The plan documents gave the formal name of the

4

plan and listed the Plan Administrator and the Claims Administrator. The court found that no provision of 29 U.S.C. § 1132(a)(1)(B) would entitle the plaintiffs to recover against the third-party claims administrator for non-payment of benefits. *Id.* at 1011-12.

Section 1132(a)(1)(B) provides a private right of action against an ERISA *plan*. RCI is the third party claims administrator, not the plan. RCI did not "insure" the Plan Benefits or even have discretion to interpret the Plan terms. Since it was never obligated to fund or pay out of its pocket the benefits under the Plan, it is only logical that RCI could not now be held responsible for a claim requesting payment of those same benefits. Because § 1132(a)(1)(B) only allows for recovery against a plan, and not a third party administrator, Plaintiffs' claim against RCI under cannot stand.

**II.     Likewise, ERISA does not permit Plaintiffs to Recover from RCI for the Alleged Fiduciary Breaches, so Plaintiffs' Complaint Fails to State a Claim Upon Which Relief Can Be Granted for That Claim As Well.**

ERISA provides two avenues of recovery for a breach of a fiduciary duty–§§ 1132(a)(2), and 1132(a)(3). Section 1132(a)(2) allows a participant or beneficiary to bring a civil action for "appropriate relief" under 29 U.S.C. § 1109–Liability for Breach of Fiduciary Duty. Section 1132(a)(3) allows a participant or beneficiary to bring a civil action to obtain "appropriate equitable relief" under any provisions of ERISA or the plan.

In order to prevail on a claim for a breach of fiduciary duty under ERISA, a plaintiff must prove that the defendant was a fiduciary, was acting in its capacity as a fiduciary at the time of the alleged breach, and breached its fiduciary duty. *See Holdeman v. Devine*, 572 F.3d 1190, 1193 (10th Cir. 2009). "In order for an ERISA plaintiff to prevail on [a breach of fiduciary duty]

claim, there must be a showing of some causal link between the alleged breach and the loss plaintiff seeks to recover." *Id.* (internal quotation and citation omitted).

### A. RCI Did Not Act as a Fiduciary in Denying Mr. Peters' Claim, So it Cannot Be Responsible for a Breach of a Fiduciary Duty.

Here, Plaintiffs' breach of fiduciary duty claim against RCI fails because RCI was not a fiduciary, and, even if it was, there was no causal link between the alleged breach and complained of loss. Plaintiffs allege that RCI breached its fiduciary duty by denying Mr. Peters' claims, and by refusing to provide benefits owed to the Plaintiffs. Doc. #1, ¶¶ 74, 75.

There are three ways a person or entity can become a fiduciary of an ERISA plan: (1) by being named as a fiduciary in the written plan instrument; (2) by being named and identified as a fiduciary pursuant to the procedure in the written plan instrument; or (3) meeting the definition of a fiduciary as set forth in ERISA. 29 U.S.C. §§ 1102(a)(1), 1102(a)(2), 1002(21).

Here, the Plan Document establishes that Community Connections, not RCI was the Plan Sponsor, the Named Fiduciary and the Plan Administrator. Doc. #1, ¶ 2; exhibit A, pgs. 76-77, 82. It also provides that Community Connections, as the Plan Administrator (not the third party claims administrator), "shall have sole, full and final discretionary authority to interpret all Plan provisions...to make determinations in regards to issues relating to eligibility for benefits; to decide disputes that may arise relative to a Plan Participants rights..." Exhibit A, pgs. 1, 76. In addition, "Benefits under this Plan shall be paid only if the Plan Administrator [as distinct from RCI who is identified only as the Claims Administrator] decides in its direction that a Covered Person is entitled to them." Exhibit A., pg. 58. Further, the Plan Document expressly and

unequivocally states that the *Claims Administrator is not a fiduciary* under the plan when "paying claims in accordance with the Plan's rules as established by the Plan Administrator." Exhibit A., pg. 77.  Thus, by the terms of the plan, RCI is not a fiduciary.

Further, even if RCI had exercised sufficient discretion to become a fiduciary, there is no causal link between RCI's actions and the loss.  Exhibit E to the Complaint makes this clear.  It states, "The Plan Sponsor's final decision to deny the claims was based upon the Plan Document and information provided by Mark." Exhibit E (emphasis added).  The Plan Sponsor is Community Connections, Inc.  Doc. #1, ¶ 2.  RCI was merely communicating the Plan Sponsor's claims decision, not making the decision on behalf of the plan.  Thus, the information submitted in the Complaint and attached documents establishes that RCI's actions did not include a breach of fiduciary duty linked to the denial of Mr. Peters' benefits.

Because RCI was not a fiduciary, and even if it was, did not make the decision to deny Mr. Peters' benefits, RCI cannot be liable to Plaintiffs for a breach of fiduciary duty.

> **B.     Even If RCI Was a Fiduciary, Plaintiffs Do Not Have a Viable Claim under Section 1132 (a)(2) because They Seek Individual Remedies, but Section 1132(a)(2) Only Provides Remedies to the Plan.**

Plaintiffs, as individuals, are not entitled to relief under § 1132(a)(2) for breach of fiduciary duty, because relief under §1132(a)(2) is only available to the plan, not to individual participants. Section 1132 (a)(2) states, "[a] civil action may be brought by...a participant, beneficiary or fiduciary for appropriate relief under section 1109." Section 1109 provides, "Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to

make to such plan any losses to the plan resulting from each breach..." 29 U.S.C. § 1109(a). In *Massachusetts Mutual Life Insurance Co. v. Russell*, the Supreme Court concluded that a claim for losses under § 1132(a)(2) was available only to the plan–not to beneficiaries or participants as individuals. *Mass. Mut. Life. Ins. Co. v. Russell,* 473 U.S. 134, 139 (1985); *see Gaither v. Aetna Life Ins. Co.*, 394 F. 3d 792, 808 n.6 (10th Cir. 2004)(noting that *Russell* "held that § 1109(a) did not provide a remedy for individual beneficiaries); *Walter v. Int'l Ass'n of Machinists Pension Fund*, 949 F.2d 310 (10th Cir. 1991)("Under section 1109, a fiduciary who breaches his fiduciary duty is liable to the plan-not to the beneficiaries individually").

Here, Plaintiffs seek recovery of the "actual damages that are believed to be in excess of sixty thousand dollars ($60,000)." Doc. #1, pg. 12. That $60,000 demand is the costs for Mr. Peters' medical treatment. Doc. #1, ¶ 37. Seeking an individual payout of Plan benefits does not serve the Plan; rather, it is an individual recovery. Because Plaintiffs seek monetary damages for themselves, and not for the Plan, their claims cannot stand under §1132(a)(2).

### C. Likewise, Plaintiffs Do Not Have a Viable Claim under Section 1132 (a)(3) Because Plaintiffs Seek Monetary Relief and Section 1132(a)(3) Only Provides for Equitable Relief.

Section 1132(a)(3) permits a participant or beneficiary to bring a claim to (A) enjoin any act which violates the plan or ERISA; or (B) obtain other appropriate "equitable relief" to redress such violations or to enforce any provisions of ERISA or of the terms of the ERISA subject plan.

Monetary damages are not equitable relief. *Mertins v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993)("Money damages are, of course, the classic for of *legal* relief); *Lafoy v. HMO Colo.*, 988

F.2d 97, 100 (10th Cir. 1993). "A claim for money due and owing under a contract is quintessentially an action at law." *Great West Life & Annuity Ins. Co. v. Knudson*, 543 U.S. 204, 210 (2002)(quotations and internal citations omitted). "[S]uits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages' as that phrases has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." *Id.*

Here, Plaintiffs seek "actual damages that are believed to be in excess of sixty thousand dollars ($60,000)." Doc. #1, pg. 12. Plaintiffs do not seek equitable relief, but instead seek legal relief in the form of monetary damages. Section 1132(a)(3) does not provide Plaintiffs a right to recovery of legal relief, so Plaintiffs' Second Claim for Relief must fail.

### D.     Further, Plaintiffs Cannot Recover under Section 1132(a)(3) Because Plaintiffs Have a Claim Against the Plan under Section 1132(a)(1)(B), and Plaintiffs Cannot Recover under Both.

Plaintiffs cannot pursue a claim for breach of fiduciary duty under §1132(a)(3) where they have an available remedy based upon a claim for denial of benefits under §1132(a)(1)(B). *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Section 1132 (a)(1)(B) provides that a participant or beneficiary may bring a civil action under that section to recover benefits due to him under the terms of the plan, or to enforce his rights under the terms of the plan. Section 1132(a)(3) permits a participant or beneficiary to bring a claim to (A) enjoin any act which violates the plan or ERISA; or (B) obtain other appropriate "equitable relief" to redress such violations or to enforce any provisions of ERISA or of the terms of the ERISA subject plan.

The Supreme Court has addressed the situation here where a party brings a claim under both sections 1132(a)(1)(B) and 1132(a)(3). It held that section 1132(a)(3) was a catchall provision authorizing lawsuits for "individualized equitable relief injuries caused by violations that § 502 does not elsewhere adequately remedy." *Varity Corp.*, 516 U.S. at 512. Further, "the Tenth Circuit is unequivocal that Plaintiff may not seek equitable relief under § 1132(a)(3) where she has a remedy under § 1132(a)(1)(B) available to her." *My Hang Huynh v. Liberty Life Assur. Co. of Boston*, 2011 WL 2340800, *6 (D.N.M. 2011) *relying on Moore v. Berg Enters., Inc.*, 201 F. 3d 448, n2 (10th Cir. 1999); *see also Lefler v. United Healthcare of Utah, Inc.*, 72 Fed. Appx. 818, 826 (10th Cir. 2003); *Williams v. Metro. Life Ins. Co.*, 2011 WL 97137 *10-11 (D. Colo. 2011); *Philippus v. Aetna Life Ins. Co.*, 2010 WL 3075485, *6 (D.Colo. 2010)("In the circumstances present here, the denial of benefits provision provides adequate relief for Plaintiff's alleged injury, i.e. denial of coverage for her husband's medical expenses...Therefore, Plaintiff cannot bring a claim for breach of fiduciary duty under § 1132(a)(3)." (internal citations omitted).

Here, Plaintiffs seek recovery for the "improper denial of benefits" by way of the "actual damages" of Plaintiff Mr. Peters' medical bills. Doc. #1, pg. 12. Thus, they expressly seek to "recover benefits due to him under the terms of his plan" or to "enforce his rights under the terms of the plan," which is recovery provided by § 1132(a)(1)(B). Because Plaintiffs are participants or beneficiaries who can bring a civil action under § 1132(a)(1)(B), the catchall provision of § 1132(a)(3) does not provide them a separate avenue to recover Plan benefits.

Therefore, Plaintiffs' second claim for relief fails to state a claim upon which relief can be granted.

### III.     Conclusion

Mrs. Peters' contracted with Community Connections, Inc. to provide health insurance benefits to herself and Mr. Peters.  RCI merely served as the third-party claims administrator to that ERISA subject Plan.  Community Connections, Inc., as the Plan Sponsor, made the determination that Mr. Peters' was not entitled to benefits under the Plan.  Any cause of action against the Plan for a failure to provide benefits must be brought against the Plan, not against RCI as a third party claims administrator.  Further, Plaintiffs' breach of fiduciary duty claim seeks individual recovery for benefits under the Plan.  ERISA does not provide such recovery under these circumstances.

WHEREFORE, Defendant-RCI respectfully requests this Court enter an order dismissing Plaintiffs' claims against RCI with prejudice, and for any other relief this Court deems just and proper.

Respectfully submitted this 24th day of February, 2012.

>   s/ *Alison Sorkin*
>   Dean McConnell Esq., #18917
>   Alison C. Sorkin, Esq. #41674
>   *Attorneys for Defendants*
>   Kennedy Childs P.C.
>   633 17th Street, Suite 2200
>   Denver, CO   80202
>   Telephone:  (303) 825-2700
>   Email: dmcconnell@kennedychilds.com
>            asorkin@kennedychilds.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of February 2012, I electronically filed the foregoing **DEFENDANT REGIONAL CARE, INC.'S MOTION TO DISMISS PLAINTIFFS' CLAIMS PURSUANT TO F.R.C.P. 12(b)(6) FOR FAILURE TO STATE A CLAIM** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Gregory R. Giometti, Esq.
Carl W. Dowdy, Esq.
Gregory R. Giometti & Associates, P.C.
50 South Steele Street, Suite 480
Denver, CO  80209
ggiometti@giomettilaw.com
cdowdy@giomettilaw.com

Michael C. Santo, Esq.
Alicia M. Williams, Esq.
Bechtel & Santo, L.L.P.
205 N. 4th Street, Suite 300
Grand Junction, CO 8l501
santo@bechtelsanto.com
williams@bechtelsanto.com


 s/ *Alison Sorkin*
Dean McConnell Esq., #18917
Alison C. Sorkin, Esq. #41674
*Attorneys for Defendants*
Kennedy Childs P.C.
633 17th Street, Suite 2200
Denver, CO   80202
Telephone:  (303) 825-2700
Fax:  (303) 825-0434
Email: dmcconnell@kennedychilds.com

12

asorkin@kennedychilds.com