**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  11-CV-03186-RPM

MARK PETERS AND PATRICIA PETERS,

Plaintiffs,

v.

COMMUNITY CONNECTIONS, INC. EMPLOYEE BENEFIT PLAN;
COMMUNITY CONNECTIONS, INC., a Colorado Corporation;
REGIONAL CARE, INC., a Nebraska Corporation

Defendants.

---

**DEFENDANT REGIONAL CARE, INC.'S MOTION TO DISMISS COMMUNITY CONNECTIONS, INC.'S CROSS CLAIM PURSUANT TO F.R.C.P. 12(b)(6) FOR FAILURE TO STATE A CLAIM**

---

Defendant Regional Care, Inc. ("RCI"), through counsel, Kennedy Childs P.C., respectfully submits the following Motion to Dismiss Cross-Claim Plaintiff's Claim Pursuant to F.R.C.P. 12(b)(6):

**OVERVIEW**

Community Connections, Inc.'s ("Community Connections") Cross-Claim arises out of a claim for benefits under an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Plaintiffs Patricia and Mark Peters were participants or beneficiaries in the Community Connections, Inc. Employee Benefit Plan ("Plan"). *Compl.* (Doc. #1), ¶ 2, *Community Connections' Answer and Cross Claim*, (Doc.

#9). Community Connections provided the Plan as an employment benefit to Mrs. Peters. Community Connections was the Plan Administrator and Plan Sponsor. Doc. #1, ¶ 11. Defendant Regional Care, Inc. ("RCI") was the non-fiduciary third party claims administrator of the Plan. Doc. #1, ¶ 3.

On June 23, 2010, Plaintiff Mark Peters was injured while on his farm. Doc. #1, ¶ 30. He sought medical treatment and submitted his claims for medical benefits to the Plan. RCI processed the claims, and Community Connections paid an estimated $28,000.00 for Mr. Peters's medical treatment. Doc. #9, ¶ 3. Community Connections later determined that Mr. Peters was not entitled to the benefits RCI processed. Community Connections made its denial decision based on an exclusion to the ERISA plan. Doc. #9, ¶ 5.

According to the Cross-Claims alleged, before engaging RCI to process claims, Community Connections and RCI entered into an Administrative Services Agreement ("Agreement"), which defined the duties of the Plan Sponsor and third party claims administrator. Doc. #9, ¶ 1. The Agreement stated, "If it is subsequently determined that any payment has been made to or on behalf of an ineligible **Plan** participant, or that any payment was incorrect as to amount, RCI will promptly correct underpayments and use reasonable efforts to recover overpayments." Doc. #9, ¶ 2 (emphasis added).

Community Connections now brings a breach of contract claim against RCI for its alleged breach of the Administrative Services Agreement. However, Community Connections cannot recover from RCI under these circumstances because ERISA preempts Community Connections breach of contract action and does not provide a vehicle for recovery. Even if

ERISA did not preempt the Cross-Claim, Community Connections fails to allege that RCI breached the Administrative Services Agreement.

### **PLEADING STANDARDS GOVERNING RULE 12(b)(6) MOTIONS TO DISMISS**

For the purposes of a 12(b)(6) motion to dismiss, the court must accept all factual allegations as true and resolve all reasonable inferences in favor of the plaintiff. *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011). To survive a 12(b)(6) motion to dismiss, the pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate when the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1975).

**I.   ERISA Preempts the Breach of Contract Cross Claim by Community Connections Because the Claim Relates to an ERISA Plan.**

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a). A law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985)(quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983)). This express preemption provision is "deliberatively expansive." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987). Even a state law that is not directed toward the regulation of an ERISA plan still relates to a plan even if only affects such plan indirectly. *Airparts Co. Inc. v. Custom Benefits Servcs. of Austin, Inc.* 28 F.3d 1062, 1064 (10th Cir. 1994)(citing *Ingersoll-Rand Co. v. McClendon*, 498 US 133, 139 (1990)). The Tenth Circuit

reads the phrase "relate to" broadly.  It "has found that common law tort and breach of contract claims are preempted by ERISA if the factual basis of the cause of action involves an employee benefit plan." *Settles v. Golden Rule Ins. Co.*, 927 F.2d 505, 509 (10th Cir. 1991).  "If elements of the ERISA plan are inherently part of the factual basis of the . . . lawsuit, the lawsuit is preempted in part because of the possibility of inconsistent or contradicting interpretations." *Joos v. Intermountain Health Care Inc.*, 25 F.3d 915, 917 (10th Cir. 1994).

Here, the language used in the pleading demonstrates that the Cross-Claim relates to an ERISA plan.  Community Connections alleges that RCI improperly processed claims under an ERISA plan, resulting in a payment from Community Connections, the Plan Sponsor, to Mark Peters, a beneficiary of the Plan. Doc. #9, ¶ 3.  The only basis for the Cross-Claim is that the payment to Mr. Peters was in error because "Mr. Peters's injury was not covered by the **Plan**." Doc. #9, ¶ 7 (emphasis added).  Community Connections asserts it "paid approximately $28,000.00 that it was not contractually obligated to pay under the **Plan**" because of RCI's processing of Mr. Peters's claim. Doc. #9, ¶ 8 (emphasis added).

Not only does the language of the pleading establish that the Cross-Claim is preempted because it directly relates to the ERISA plan, but the Cross-Claim also relates to an ERISA plan because the factual basis of the cause of action involves an employee benefit plan.  The Cross-Claim depends on whether Community Connections properly determined that Mr. Peters's claim was not payable under the Plan.  If the payment under the Plan was appropriate, then RCI's payment was proper, and Community Connections cannot recover from RCI under the Administrative Services Agreement.  If, however, Mr. Peters's claim was paid when it should

not have been, Community Connections still cannot recover from RCI because the breach of contract claim still relates to an ERISA plan, which means that ERISA preempts the claim.

When, like here, liability requires a finding that the Plan participants and/or beneficiaries were not entitled to plan benefits, the factual basis for a claim necessarily involves an ERISA plan. *Settles*, 927 F.2d at 507; see *Clark v. Humana Kansas City, Inc.*, 975 F. Supp. 1283, 1287 (D. Kan. 1997). The Fourth Circuit has addressed the situation like the one here, where a Plan sued a third party administrator for improper processing claims, and concluded the claims were preempted. *Tri-State Machine, Inc.*, *v. Nationwide Life Ins. Co.*, 33 F.3d 309 (4th Cir. 1994). The Fourth Circuit stated,

> Moreover, there can be little doubt that the claims *relate to* the plan. [Plan Sponsor's] complaint particularizes a list of wrongs committed by [the third party administrator] including . . . paying claims not covered . . . All of these allegations are essentially complaints about the processing of claims under an employee benefit plan, and therefore, *relate to* the plan in the common sense meaning of that phrase.

*Id.* at 313-14 (4th Cir. 1994).

Because the Cross-Claim against RCI turns on the issue of whether the Plan properly denied Mr. Peters's claim for benefits, the breach of contract claim *relates to* an ERISA plan; therefore, 29 U.S.C. § 1144(a) expressly preempts the Cross-Claim.

## II.     ERISA Does Not Provide a Remedy to Community Connections, Therefore, the Cross Claim Fails to State a Claim upon Which Relief Can Be Granted.

ERISA section 502(a), sometimes referred to as the civil remedy provision of ERISA, governs who may bring a claim under an ERISA plan. 29 U.S.C. § 1132(a). It establishes what enforcement mechanism each ERISA player may bring. Here, Community Connections is the

named fiduciary under the Plan. Doc. #1, ¶ 2; 29 U.S.C. § 1102(a)(1)("Every employee benefit plan shall be established and maintained pursuant to a written instrument. Such instrument shall provide for one or more named fiduciaries...").

ERISA permits fiduciaries to bring claims through two mechanisms relevant here. 29 U.S.C. § 1132(a)(2) permits a fiduciary to bring a claim for appropriate relief for a violation of section 1109 of ERISA. 29 U.S.C. § 1132(a)(3) permits a fiduciary to bring a claim to enjoin an act or practice that violates ERISA, or to obtain other equitable relief to redress such violations, or to enforce any provisions of the Plan. Neither of these circumstances is present here.

### A. Community Connections Cannot Recover under 1132(a)(2) because the Cross-Claim only alleges a Contractual Claim, and does not allege that RCI is a Fiduciary or that it Breached a Fiduciary Duty.

Section 1132(a)(2) permits a fiduciary to seek recovery from another fiduciary for a breach of a fiduciary duty. 29 U.S.C. §§ 1132(a)(2); 1109(a). Community Connections is not alleging that RCI is a fiduciary (which allegation would contradict the Plan language itself and the purported Administrative Services Agreement) or that it breached a fiduciary duty to the Plan. Instead, it asserts that RCI breached a contract by not reimbursing Community Connections. However, even if Community Connections was alleging a breach of a fiduciary duty, the Cross-Claim does not allege that RCI was a fiduciary under the Plan. In order to breach of fiduciary duty, a party must first be a fiduciary. Because Community Connections asserts a contractual claim, not a fiduciary claim, section 1132(a)(2) does not provide Community Connections a remedy.

### B. Community Connections Cannot Recover under 1132(a)(3) because it Seeks Monetary Payment, Not Equitable Relief.

Section 1132(a)(3) permits a fiduciary to bring a claim to enjoin any act which violates the plan or ERISA or to obtain other appropriate "equitable relief" to redress such violations or to enforce any provisions of ERISA or of the terms of the ERISA subject plan. This section of ERISA does not provide a remedy to Community Connections against RCI because Community Connections seeks monetary damages, not equitable relief.

Monetary damages are not equitable relief. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993)("Money damages are, of course, the classic for of *legal* relief"); *Lafoy v. HMO Colo.*, 988 F.2d 97, 100 (10th Cir. 1993). "A claim for money due and owing under a contract is quintessentially an action at law." *Great West Life & Annuity Ins. Co. v. Knudson*, 543 U.S. 204, 210 (2002)(quotations and internal citations omitted). "[S]uits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." *Id.*

Here, Community Connections seeks monetary relief for the alleged breach of a contract. Community Connections asks that RCI pay Community Connections "for all overpayments made"–overpayments which allegedly amount to $28,000. Doc. #9, p.12. Because Community Connections seeks monetary damages, a classic form of legal relief, and not equitable relief, section 1132(a)(3) does not provide a right to recovery, so the Cross-Claim cannot stand.

### III.     Even If ERISA Did Not Preempt the Cross-Claim, the Cross-Claim Fails because it does not State a Claim Upon which Relief Can Be Granted.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formalistic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555 (internal citations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level...on the assumption that the allegations in the complaint are true (even if doubtful in fact). *Id.* (internal citations omitted). "If the plaintiff fails to allege an essential element of his claim, the complaint is appropriately dismissed pursuant to Rule 12(b)(6)." *Ellis ex rel. Estate of Ellis v. Ogden City*, 589 F.3d 1099, 1102 (10th Cir. 2009).

To state a claim for breach of contract, "a plaintiff must sufficiently plead the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff." *PayoutOne v. Coral Mortg. Bankers*, 602 F.Supp.2d 1219, 1224 (D.Colo.2009) *citing W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992); *see also Henriksen v. Gleason*, 643 N.W.2d 652, 658 (Neb. 2002).

Thus, applying the general pleading standards to a breach of contract claim requires a complaint to allege that a breach occurred. Community Connections does not include such an allegation in its Cross-Claim. Community Connections alleges that it and RCI entered into an Administrative Services Agreement that required RCI to "use reasonable efforts to recover

overpayments" in the circumstances alleged here. Doc. #9, ¶¶ 1-2, 14. The Cross-Claim, however, does not include any allegation that RCI failed to use such reasonable efforts. Instead, the Cross-Claim merely states that Community Connections asked RCI to reimburse it for an overpayment, and that Community Connections has not received such reimbursement. Doc. #9, ¶¶ 9, 15. It is that "refusal to reimburse Community Connections, Inc. for overpayments" for which Community Connections seeks recovery. Doc. #9, p.15. However, the alleged Administrative Services Agreement requires RCI only to *use reasonable efforts* to recover overpayments. Doc. #9, ¶ 2. It does not require RCI to become essentially a guarantor that an overpayment would not be made. Community Connections does not allege that RCI did not use reasonable efforts in an attempt to recover overpayments. Nothing in the Administrative Services Agreement requires RCI to reimburse Community Connections.

By failing to allege that RCI did not to use reasonable efforts to recover overpayments under the Agreement, Community Connections has failed to allege an essential element of its claim. *W. Distrib. Co. v. Diodosio*, 841 P.2d at 1058; *Henriksen v. Gleason*, 643 N.W.2d at 658. There cannot be a breach of contract claim without an allegation in a pleading of a breach of some agreement. Therefore, it is appropriate to dismiss the Cross-Claim pursuant to Rule 12(b)(6). *Ogden City*, 589 F.3d at 1102.

## CONCLUSION

The Cross-Claim alleges that RCI was obligated to use reasonable efforts to recover an amount that Community Connections determined was improperly paid under an ERISA plan. Because the Administrative Services Agreement is based upon and controlled by the claims

decision for plan benefits, the agreement *relates to* an ERISA plan, and ERISA preempts the Cross-Claim. ERISA does not provide a cause of action for Community Connections against RCI in these circumstances; therefore, Community Connections has failed to state a claim upon which relief can be granted. *See Cannon v. Group Health Servcs. of Oklahoma, Inc.*, 77 F.3d 1270, 1274 (10th Cir. 1996)(explaining that the unavailability of a remedy under ERISA cannot impact a preemption analysis).

Even if ERISA did not preempt the Cross-Claim, this Court should dismiss the breach of contract claim because it fails to state a claim upon which relief can be granted. Community Connections does not allege that RCI did not use reasonable efforts to recover any alleged overpayment, which is the only obligation it includes in the Cross-Claim. By failing to include any allegation of a breach of that obligation, Community Connections failed to include an essential element of its breach of contract claim. Therefore, Community Connections failed to state a claim upon which relief can be granted, and dismissal pursuant to 12(b)(6) is appropriate.

WHEREFORE, Cross-Claim Defendant Regional Care, Inc. respectfully requests that this Court dismiss the Cross-Claim of Community Connections, Inc. pursuant to F.R.C.P. 12(b)(6) because Community Connections, Inc. failed to state a claim upon which relief can be granted. A proposed order is attached.

Respectfully submitted this 12th day of March, 2012.

        s/ Alison Sorkin
        Dean McConnell Esq., #18917
        Alison C. Sorkin, Esq. #41674
        *Attorneys for Defendants*
        Kennedy Childs P.C.
        633 17th Street, Suite 2200
        Denver, CO 80202
        Telephone: (303) 825-2700
        Fax: (303) 825-0434
        Email: dmcconnell@kennedychilds.com
             asorkin@kennedychilds.com

## CERTIFICATE OF SERVICE

  I hereby certify that on the 12th day of March, 2012, I electronically filed the foregoing **DEFENDANT REGIONAL CARE, INC.'S MOTION TO DISMISS COMMUNITY CONNECTIONS, INC.'S CROSS CLAIM PURSUANT TO F.R.C.P. 12(b)(6) FOR FAILURE TO STATE A CLAIM** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

| | |
|---|---|
| Gregory R. Giometti | Michael C. Santo, Esq. |
| Carl W. Dowdy | Alicia M. Williams, Esq. |
| Gregory R. Giometti & Associates, P.C. | Bechtel & Santo, L.L.P. |
| 50 South Steele Street, Suite 480 | 205 N. 4th Street, Suite 300 |
| Denver, CO  80209 | Grand Junction, CO 8l501 |
| ggiometti@giomettilaw.com | santo@bechtelsanto.com |
| cdowdy@giomettilaw.com | williams@bechtelsanto.com |

             s/ *Alison Sorkin*
             Dean McConnell Esq., #18917
             Alison C. Sorkin, Esq. #41674
             *Attorneys for Defendants*
             Kennedy Childs P.C.
             633 17th Street, Suite 2200
             Denver, CO   80202
             Telephone:  (303) 825-2700
             Fax:  (303) 825-0434
             Email: dmcconnell@kennedychilds.com
                asorkin@kennedychilds.com