**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

<u>Civil Action No.  11-CV-03186-RPM</u>

MARK PETERS AND PATRICIA PETERS,

      Plaintiffs

v.

COMMUNITY CONNECTIONS, INC. EMPLOYEE BENEFIT PLAN;
COMMUNITY CONNECTIONS, INC., a Colorado Corporation;
REGIONAL CARE, INC., a Nebraska Corporation

      Defendants.

---

## RESPONSE TO DEFENDANT REGIONAL CARE, INC.'S MOTION TO DISMISS

---

Plaintiffs, Mark and Patricia Peters ("Plaintiffs"), by and through their attorneys, Gregory R. Giometti & Associates, P.C., hereby submit their Response in opposition to Defendant Regional Care, Inc.'s Motion to Dismiss. In support thereof, Plaintiffs state as follows:

### I. INTRODUCTION

The Plaintiffs, Mark and Patricia Peters bring this action alleging violations of their rights, and seeking relief for such violations, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ( "ERISA" ), for, *inter alia*, the wrongful denial of and failure to pay benefits due the Plaintiffs under the Community Connections Employee Benefit Plan.   **See Complaint** (hereafter referred to as "Doc. 1"), pg. 1.   Community Connections provided health care benefits to the Plaintiffs during the relevant time period through the Community Connections Employee Benefit Plan ("the Plan"). Doc. 1, ¶ 2. *See also,* **Exhibit A** (a copy of the Plan) to Doc. 1.  While Community Connections is and was at all times

1

relevant, the Plan Administrator, Named Fiduciary and Plan Sponsor of the Plan, it delegated some or all of its fiduciary duties under the Plan to Regional Care, Inc. ( "RCI" ). Doc. 1, ¶ 3.

On June 23, 2010, Mr. Peters was injured on his farm. Doc. 1, ¶ 30. As a result of his injury, he sought medical treatment, and submitted his claims for payment under the Plan. Doc. 1, ¶¶ 31-35. RCI, as the Third Party Administrator ("TPA"), processed many of Mr. Peters' claims until it determined that the Plan did not possess sufficient funds to pay for Mr. Peters' approved and covered medical costs. Doc. 1, ¶¶ 36, 38-39. Because the Plan was unable to pay Mr. Peters' mounting medical treatment costs, RCI requested that Mr. Peters' claims be processed under a stop loss policy administered by International Assurance of Tennessee ("IAT"). Doc. 1, ¶¶ 38-39. IAT notified RCI that it would not process Mr. Peters' medical claims because it determined that Mr. Peters had been injured during the course of an occupation for wage or profit. Doc. 1, ¶ 41. Based upon this information, RCI made the decision to deny Mr. Peters' medical claims, and sought reimbursement from the medical providers who had been paid previously for treating Mr. Peters. Doc. 1, ¶ 42.

Mrs. Peters submitted an appeal of RCI's decision to deny Mr. Peters' medical claims. Doc. 1, ¶ 44. See also, **Exhibit B** (a copy of Peters' appeal) to Doc. 1. In response to Mrs. Peters' appeal, RCI consulted with the Colorado Worker's Compensation Division ("CWCD") for guidance regarding whether Mr. Peters' claims were covered under Worker's Compensation laws. Doc. 1, ¶ 45. Based upon the information it received from CWCD, RCI determined that Mr. Peters' claims were valid and payable under the Plan. Doc. 1, ¶ 47. RCI then submitted an appeal to IAT, requesting that it process Mr. Peters' medical claims under the stop loss policy. Doc. 1, ¶ 47. IAT promptly denied RCI's appeal. Doc. 1, ¶ 48. RCI then consulted with the Phia Group, LLC ("Phia"), to obtain clarification regarding Mr. Peters' coverage under the Plan.

2

Doc. 1, ¶ 50.  Phia informed RCI that the exclusion relied upon by IAT would not apply if Mr. Peters was not engaged in an occupational activity for wage or profit. Doc. 1, ¶ 50.  On October 5, 2010, RCI, having again determined that Mr. Peters was not engaged in an occupational activity for wage or profit, made the decision to submit yet another appeal to IAT. Doc. 1, ¶ 51. IAT denied RCI's second appeal.  Doc. 1, ¶ 52.

At that time, a representative from Community Connections' insurance broker, Wells Fargo Insurance Services ("Wells Fargo"), demanded that RCI stop seeking an exception for Mr. Peters from IAT, and threatened to replace RCI with a different TPA if this directive was not followed.  Doc. 1, ¶ 53.  On or about October 7, 2010, Wells Fargo informed RCI that it must deny Mr. Peters' medical claims.  Doc. 1, ¶ 54.  Two months later, on January 10, 2011, RCI sent a letter to the Plaintiffs informing them that Mr. Peters' claims had been denied pursuant to Exclusion (82) of the Plan. Doc. 1, ¶ 56.  RCI acquiesced to the directive from Wells Fargo and denied the Peters' appeal based upon its concern that it would lose its contract as TPA of the Plan. Doc. 1, ¶ 57.

The Plaintiffs bring one claim against RCI:  that RCI breached its fiduciary duties to the Plaintiffs.   As noted below, the first claim against RCI under § 502(a) (1) (B) is not brought against RCI.  However, in regard to the Plaintiffs' second claim against RCI for breach of fiduciary duty, such claim has been properly brought and is therefore not subject to dismissal. In support thereof, the Plaintiffs state as follows:

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. Standard of Review.

For the purposes of a 12(b)(6) motion, the court must accept all factual allegations as true and resolve all reasonable inferences in favor of the plaintiff. *Kerber v. Qwest, Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011). The courts take this approach because "dismissal before discovery or trial is a drastic remedy." *Whitcomb v. Jefferson County Dept. of Social Services*, 685 F.Supp. 745, 746 (D.Colo. 1987). To survive a 12(b)(6) motion, the pleading must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will prevail ultimately, but whether a plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### B. The Plaintiff's First Cause of Action is not Brought against the RCI.

Defendant RCI first contends that the Plaintiffs' First Cause of Action for recovery of benefits due to Mr. Peters under ERISA § 502(a)(1)(B) is improperly brought against RCI. In the Complaint, the Plaintiffs' First Cause of Action is brought against the Plan and Community Connections, not RCI; the Plaintiffs do not seek relief against RCI in their First Cause of Action, and thus do not oppose a dismissal as to RCI on this claim.

### C. ERISA permits Plaintiffs to Recover from RCI for the Alleged Fiduciary Breaches.

Defendant RCI also contends that ERISA does not permit the Peters to recover from RCI for the alleged fiduciary breaches because RCI did not act as a fiduciary in denying Mr. Peters' claim. However, RCI's argument on this issue fails for two reasons: 1) the Plaintiffs have made sufficient factual assertions that RCI was a fiduciary under the Plan; and 2) the Plaintiffs

made sufficient factual assertions that RCI breached its fiduciary duty to the Plaintiffs and proximately caused their damages.

### 1. *The Plaintiffs have set forth sufficient factual assertions to support the allegation that RCI was a fiduciary under the Plan.*

In order to withstand RCI's motion to dismiss on this issue, the Plaintiffs must first assert sufficient facts to support their allegation that RCI was a fiduciary under the plan. *See Holdeman v. Devine*, 572 F.3d 1190, 1193 (10th Cir. 2009). Pursuant to 29 U.S.C. § 1002(21)(A), one is considered a fiduciary under an ERISA Plan if:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, … or
>
> (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

In this case, the Plaintiffs acknowledge that RCI is not identified in the Plan documents as a fiduciary. However, in their Complaint, the Plaintiffs identify RCI as a fiduciary "within the meaning of 29 U.S.C. § 1002(21), i.e., that RCI exercised discretionary control regarding the management of the Plan, and discretionary authority in the administration of the Plan. Doc. 1, ¶ 3; 29 U.S.C. § 1002(21)(A)(ii), (iii). The Plaintiffs provide ample factual assertions to support this allegation. For instance, the Plaintiffs allege that RCI interpreted the Plan Provisions, sought assistance in how to interpret the provisions from organizations not affiliated with Community Connections or RCI, and repeatedly determined that Mr. Peters' claims were valid and payable under the Plan, regardless of IAT's statements to the contrary. Doc. 1, ¶¶ 9-10, 36, 38-39, 42, 45-47, 50-51. Considering these assertions in the light most favorable to the Plaintiffs, dismissal on this issue is not appropriate at this time.

Moreover, dismissal on this issue without the benefit of discovery is not generally granted because the issue regarding a defendant's fiduciary status is a mixed question of law and fact. *David P. Coldesina, D.D.S. v. Estate of Simper*, 407 F.3d 1126, 1131 (10th Cir. 2005); *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 284 F.Supp.2d 511, 543 (S.D. Tex. 2003); *Reich v. Lancaster,* 55 F.3d 1034, 1044 (5th Cir.1995). It is well established that "fiduciary status under ERISA is to be construed liberally, consistent with ERISA's policies and objectives." *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 284 F.Supp.2d 511, 544 (S.D. Tex. 2003) (internal quotations and citations omitted). Thus, "under Federal Rule of Civil Procedure 8(a)'s notice pleading requirements, courts will typically have insufficient facts at the motion to dismiss stage from which to make the law/fact analysis necessary to determine functional or named fiduciary status." *In re Electronic Data Systems Corp. "ERISA" Litigation*, 305 F.Supp.2d 658, 665 (E.D. Tex. 2004) (citations omitted). Other jurisdictions have established similar low pleading thresholds on this issue by holding that conclusory allegations that the defendants "exercised discretionary authority or control with respect to the management of [the plan]" is sufficient to survive a 12(b)(6) motion. *Smith v. Local 819 I.B.T. Pension Plan,* 291 F.3d 236, 241 (2d Cir.2002).

Because RCI is unable to show at this point in the litigation that the Plaintiffs cannot establish facts that would support a conclusion that RCI was performing fiduciary functions, dismissal under Rule 12(b)(6) is not appropriate. *In re Sprint Corp. ERISA Litigation*, 388 F.Supp.2d 1207, 1228 (D.Kan. 2004); *In re Elec. Data Sys. Corp. ERISA Litig.,* 305 F.Supp.2d 658, 665 (E.D.Tex.2004); *Stein v. Smith,* 270 F.Supp.2d 157, 173–74 (D.Mass.2003). As such, the Plaintiffs respectfully ask that the Defendants' motion as to this issue be denied.

**2. *The Plaintiffs have set forth sufficient factual assertions that RCI breached its fiduciary duty to the Plaintiffs and proximately caused harm to the Plaintiffs.***

The Defendants also contend that "even if RCI had exercised sufficient discretion to become a fiduciary, there is no causal link between RCI's actions and the loss." Brief, (Doc. 12), at 7. However, as shown below, the Plaintiffs have set forth sufficient factual assertions in their Complaint to withstand dismissal on this issue.

In order to survive the Defendants' Rule 12(b)(6) motion on this issue, the Plaintiffs must set forth sufficient factual assertions to support their allegations that RCI breached its fiduciary duty to the Plaintiffs and that such breach proximately caused the Plaintiffs' damages. *See Holdeman v. Devine*, 572 F.3d 1190, 1193 (10th Cir. 2009). The Plaintiffs' factual assertions clearly meet these requirements. For instance, the Plaintiffs allege that Wells Fargo threatened to replace RCI as the TPA if it continued to pressure IAT to pay Mr. Peters' claims. Doc. 1, ¶¶ 53-54. They also allege that RCI denied Mr. Peters' claims because it did not want to be replaced as TPA. Doc. 1, ¶ 56. Therefore, the Plaintiffs further allege, RCI's decision to not pay Mr. Peters' medical claims was based upon self-interest, not upon the Plan documents as it was required to do as a fiduciary under the Plan. Doc. 1, ¶ 57. These factual assertions sufficiently support the Plaintiffs' allegation that RCI breached its duty to the Plaintiffs and proximately caused Mr. Peters' claims to not be paid. *Holdeman v. Devine*, 572 F.3d 1190, 1193 (10th Cir. 2009).

The aforementioned factual assertions clearly support the Plaintiffs' allegations that RCI operated as a fiduciary within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21), and exercised discretionary authority to interpret the provisions of the Plan and decide eligibility of claims submitted to the Plan. Moreover, they support the Plaintiffs' allegation that RCI made the decision to deny benefits to Mr. Peters out of self-interest, and not according to the Plan

documents. As such, the Plaintiffs respectfully ask that the Court deny the Defendants' motion to dismiss their Second Cause of Action.

**D. Section 1132(a)(3) Provides the Remedies Sought by the Plaintiffs.**

Defendant RCI also contends that ERISA does not permit the Peters to recover from RCI for the alleged fiduciary breaches because § 1132(a)(2) only provides remedies to the Plan. In support of its position, RCI cites *Massachusetts Mutual Life Insurance Co. v. Russell*, 473 U.S. 134, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). While ERISA does not appear to provide relief to the Plaintiffs under § 1132(a)(2), the prevailing legal authority in this and other jurisdictions supports a recovery to the Plaintiffs under § 1132(a)(3) and § 502(a)(3), [1] and thus dismissal is not appropriate at this time.

The Supreme Court has decisively rejected RCI's blanket contention that "losses under the plan [are] only available to the plan." Doc. 12, p. 8. While recovery by the Plaintiffs may be unavailable under § 1132(a)(2), "[section] 502(a)(3), 29 U.S.C. § 1132(a)(3), the catchall remedial provision that directly follows § 502(a)(2), provides the individual relief for fiduciary breach that we found to be unavailable under § 502(a)(2)." *Varity Corp. v. Howe*, 516 U.S. 489, 516, 116 S.Ct. 1065, 1079, 134 L.Ed.2d 130 (1996). In *Varity*, the Court's opinion makes it clear that a "Congress [provided] remedies for ***individual beneficiaries*** harmed by breaches of fiduciary duty..." under the civil penalties provision § 502(b) (3). *Id.* at 507 – 08 (emphasis provided). *See also, Gaither v. Aetna Life Ins. Co.*, 394 F.3d 792, 807-08 (10th Cir. 2004).

---

[1] While the Plaintiffs maintain that this cause of action is sufficiently pled pursuant to Fed.R.Civ.P. 8(a), *Arocho v. Goodyear Tire & Rubber Co.*, 88 F.Supp.2d 1175, 1179 (D.Kan.,2000) and *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir.1991), in the event that the Court determines that the Plaintiffs' claim is not asserted with sufficient specificity pursuant to § 1132(a)(3), the Plaintiffs intend to seek leave of Court to amend the Complaint to more specifically plead a claim pursuant to § 1132(a)(3).

In pertinent part, § 1132(a)(3) provides:

(a) Persons empowered to bring a civil action
A civil action may be brought-

...

"(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan...."

It is well established that "ERISA imposes personal liability on '[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon [ERISA] fiduciaries.' " *Schloegel v. Boswell*, 994 F.2d 266, 271 (5th Cir. 1993) (quoting § 1109(a)). *See also, David P. Coldesina, D.D.S. v. Estate of Simper*, 407 F.3d 1126, 1139 (10th Cir. 2005) ("The only remedies ERISA provides for breach of fiduciary duty are to hold the fiduciary personally liable, or to seek other appropriate equitable relief.")

In *Varity*, the Court "reexamined [*Mass. Mut. Life Ins. Co. v. Russell* relied upon by RCI], as well as the relevant statutory language, structure, and purpose." *Id.* at 509. The *Varity* Court found that the *Russell* Court addressed § 1132(a)(2), not § 1132(a)(3). "The words of subsection (3)-'appropriate equitable relief' to 'redress' any 'act or practice which violates any provision of this title'-are broad enough to cover individual relief for breach of a fiduciary obligation." *Id.* at 509-10. See also, *Gaither v. Aetna Life Ins. Co.*, 394 F.3d 792, 807-08 (10th Cir. 2004) ("While a fiduciary has a duty to protect the plan's assets against spurious claims, it also has a duty to see that those entitled to benefits receive them. It must consider the interests of deserving beneficiaries as it would its own."). Based upon the aforementioned legal authority, it is clear that §§ 1132(a)(3) and 502(a)(3) provide a remedy to the Peters as participants and beneficiaries under the Plan. As such, the Plaintiffs respectfully ask that the Court not dismiss this Cause of Action on this issue.

**E. The Plaintiffs Seek Appropriate Declaratory Relief.**

Defendant RCI also contends that the Peters' Second Cause of Action against RCI fails because the Plaintiffs cannot recover under § 1132(a)(3) and 1132(a)(1)(B); that because monetary relief is available under § 1132(a)(1)(B), there can be no valid claim brought under § 1132(a)(3).   Doc. 12 at 9.   RCI's contention on this point also fails because in addition to monetary relief, the Plaintiffs also seek declaratory relief.

Implied in the Plaintiffs' Second Cause of Action is their intent to have the Court or the jury make a declaration regarding 1) Mr. Peters' rights under the Plan; 2) RCI's fiduciary status under the Plan pursuant to 29 U.S.C. § 1002(21); 3) whether RCI breached that fiduciary duty to the Plaintiffs by failing to administer the Plan in accordance with the Plan documents; and 4) whether RCI proximately caused the Plaintiffs' damages. Although the Plaintiffs do not state with specificity or in enumerated fashion that declaratory relief is sought, such relief is implied through the individual allegations within the Complaint and the Plaintiffs' Second Cause of Action, and, importantly, such factual and legal findings are required for the Plaintiffs to prevail on one or more of their claims. *See Holdeman v. Devine*, 572 F.3d 1190, 1193 (10th Cir. 2009).

For instance, in their Complaint the Plaintiffs allege that Mr. Peters was an eligible beneficiary and a participant in the Plan and that his medical claims were valid and payable under the Plan documents. Doc. 1, ¶¶ 11, 33, 36, 61, 73, 75-76. The Plaintiffs also allege that RCI was a fiduciary under the Plan, and that it breached that duty by denying benefits owed to the Plaintiffs and by failing to administer the Plan in accordance with Plan documents. Doc. 1, ¶¶ 3, 9-10, 43, 45, 47, 50-51, 53-57, 72-76. The Plaintiffs also allege that RCI was motivated by self-interest when it improperly denied Mr. Peters' claims. Doc. 1, ¶ 74. The Plaintiffs further allege that RCI's decision to deny the Plaintiffs' claims for benefits was arbitrary and capricious

and in bad faith.  Doc. 1, ¶ 76.  During the course of this litigation, these allegations must be addressed and resolved by the Court or fact finder.  As noted above, a claim for relief under § 1132(a)(3) cannot stand without such factual and legal determinations.  *See Holdeman v. Devine*, 572 F.3d 1190, 1193 (10th Cir. 2009).

The Plaintiffs should have the opportunity to engage in discovery in an attempt to prove these allegations and permit the fact finder to make critical determinations on these issues.[2] Because a claim for declaratory relief may be brought under § § 1132(a)(3) along with a claim under 1132(a)(1)(B), it would not be appropriate to dismiss the Plaintiffs' claims against RCI. *Wright v. Southwestern Bell Telephone Co.*, 925 F.2d 1288, 1291 (10th Cir. 1991).  Therefore, the Plaintiffs respectfully ask that the Court deny RCI's motion regarding this issue.

### III. CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully submit that dismissal is not warranted on their claim against RCI.[3]  As noted above, should any deficiencies in the pleading as it relates to RCI be noted by the Court, the Plaintiffs intend to seek leave of Court to rectify such deficiencies in an amended pleading.  Therefore, the Plaintiffs respectfully request that the Court deny RCI's motion to dismiss brought pursuant to Rule 12(b) (6) on their Second Cause of Action.

Respectfully submitted this 16th day of March, 2012.

---

[2] While the Plaintiffs maintain that their Second Cause of Action is sufficiently pled pursuant to *Arocho v. Goodyear Tire & Rubber Co.*, 88 F.Supp.2d 1175, 1179 (D.Kan.,2000) and *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91 (10th Cir.1991), in the event that the Court determines that the Plaintiffs' request for declaratory relief is not clearly asserted under § 1132(a)(3) or § 502(a)(3), the Plaintiffs intend to seek leave of Court to amend the Complaint to more specifically plead a request for declaratory relief.

[3] The Plaintiffs do not bring their first claim against RCI.

**GREGORY R. GIOMETTI & ASSOC., P.C.**

*Original Signature on File*
*s/ Gregory Giometti*
Gregory R. Giometti, #16868
Carl W. Dowdy, #37757
Gregory R. Giometti & Associates, P.C.
50 S. Steele Street, Suite 480
Denver, CO 80209
Phone:     (303) 333-1957
Fax:     (303) 377-3460
E-mail:     ggiometti@giomettilaw.com
       cdowdy@omettilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2012, a true and correct copy of the foregoing **RESPONSE TO DEFENDANT REGIONAL CARE, INC.'S MOTION TO DISMISS** was filed and served electronically via CM/ECF, addressed to the following:

Dean A. McConnell
Alison Sorkin
Kennedy Childs, P.C.
633 17th Street, Suite 2200
Denver, CO 80202
*Attorneys for Regional Care, Inc.*

Michael Santo
Alicia Williams
Bechtel & Santo, LLP
205 N. 4th Street, Suite 300
Grand Junction, CO 81501
*Attorneys for Community Connections*

*Original Signature on file*
*s/ Robin Chadwick*
Robin Chadwick