## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  11-CV-03186-RPM

MARK PETERS AND PATRICIA PETERS,

Plaintiffs,

v.

COMMUNITY CONNECTIONS, INC. EMPLOYEE BENEFIT PLAN;
COMMUNITY CONNECTIONS, INC., a Colorado Corporation;
REGIONAL CARE, INC., a Nebraska Corporation

Defendants.

_____

**DEFENDANT REGIONAL CARE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLAIMS PURSUANT TO F.R.C.P. 12(b)(6) FOR FAILURE TO STATE A CLAIM**
_____

Defendant Regional Care, Inc. ("RCI"), through counsel, Kennedy Childs P.C., respectfully submits the following Reply in support of its Motion to Dismiss Plaintiffs' Claims:

### OVERVIEW

Plaintiffs spend a majority of their brief explaining how their Complaint sufficiently pleads facts suggesting that RCI is a fiduciary who breached its fiduciary duties and caused Plaintiffs' damages.  Plaintiffs, however, fail to set forth competent authority establishing that ERISA provides them a right to recover against RCI for a breach of fiduciary duty.  Plaintiffs cannot provide such authority, because where, like here, ERISA provides a participant or beneficiary a right to redress under section 502(a)(1)(B), a participant or beneficiary cannot also

pursue a claim for relief under section 502(a)(3). 29 U.S.C. §§ 1132(a)(1)(B), (a)(3); *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Because Plaintiffs concede they seek recovery from RCI under section 502(a)(3) but their injury will be fully redressed if they recover against the other defendants under section 502(a)(1)(B), Plaintiffs fail to state a claim upon which relief can be granted, and Plaintiffs' Complaint against RCI must be dismissed, in its entirety, with prejudice.

I. **Plaintiffs Concede They Did Not Bring Appropriate Causes of Action Against RCI Under ERISA Section 502(a)(1)(B) or 502(a)(2), So Such Claims Should Be Dismissed with Prejudice.**

Plaintiffs admit they do not seek relief from RCI under section 502(a)(1)(B) of ERISA. Doc. #15, pp. 4 ("Plaintiffs do not seek relief against RCI in their First Cause of Action, and thus do not oppose a dismissal as to RCI on this claim."). In addition, Plaintiffs admit section 502(a)(2) does not provide them relief. Doc. #15, pp. 4 (... "ERISA does not appear to provide relief to the Plaintiffs under § 1132(a)(2)..."). Therefore, RCI does not address sections 502(a)(1)(B) or 502(a)(2) in this reply other to renew its request that this Court dismiss those claims in Plaintiffs' Complaint with prejudice.

II. **While RCI Was Not Acting As a Fiduciary, Even if It Was, Plaintiffs Still Fail to State A Claim Upon Which Relief Can Be Granted under ERISA Section 502(a)(3), so The Claim for Breach of Fiduciary Duty Must Be Dismissed with Prejudice.**

Despite admitting that their Complaint does not properly plead a cause of action under section 502(a)(3), Plaintiffs assert in their brief that they are entitled to relief from RCI under that very section. Doc. #15, pp. 10 (... "Plaintiffs do not state with specificity or in enumerated fashion that declaratory relief is sought..."). Even if Plaintiffs had properly pleaded an ERISA

claim against RCI, Plaintiffs could not recover from RCI because ERISA provides Plaintiffs a mechanism for relief that provides complete redress of their alleged injuries.

> A.  ERISA Section 502(a)(3) Does Not Provide Plaintiffs a Mechanism for Recovery Because Plaintiffs Can Seek Complete Redress for their Alleged Injuries Under 502(a)(1)(B).

Section 502(a)(3) of ERISA provides a mechanism for recovery of "appropriate" equitable relief when ERISA provides no other mechanism to redress a plaintiff's injuries. *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996).  In *Varity*, the United States Supreme Court reasoned that section 502(a)(3) only offered "appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Id.*  There, the plaintiffs could not proceed under section 502(a)(1)(B) because they were no longer plan participants or beneficiaries and thus did not have standing to bring suit under that section. *Id.*  The *Varity* plaintiffs also could not proceed under section 502(a)(2) because that section does not permit recovery for individuals. *Id.*  Because the plaintiffs could not recover under either 502(a)(1)(B) or 502(a)(2), the *Varity* Court permitted the plaintiffs to move forward under the 502(a)(3). *Id.*  However, the Peters do not stand in the same position as the plaintiff's in Varity as they do have standing to assert a claim for benefits under 502(a)(1), and thus may not bring a claim under 502(a)(3).

This precise issue was addressed in *Mein v. Pool Company Disabled International Employee Long Term Disability Benefit, Pool Company, Inc.*, where the District Court for the District of Colorado barred a plaintiff's claim from moving forward under section 502(a)(3). *Mein v. Pool Co. Disabled Int'l Emp. Long Term Disability Benefit, Pool Co., Inc.*, 989 F.Supp.1337, 1351 (D. Colo. 1998).  In *Mein*, the court found that because the plaintiff was still

a plan participant, ERISA provided him a complete remedy–he could enforce the terms of the plan under section 502(a)(1)(B).  *Id*.  Because ERISA provided the plaintiff a remedy under section 502(a)(1)(B), the *Mein* Court determined the plaintiff could not continue with a claim under section 502(a)(3) also, because such a claim would not be "appropriate equitable relief" within the meaning of ERISA's remedial provision and the Supreme Court edict in *Varity*.  *Id.*

Here, like in *Mein*, the Plaintiffs assert their claim arises out of the "wrongful denial of and failure to pay benefits due the Plaintiffs under the Community Connections Employee Benefit Plan."  Doc. #1, pp. 1.   The Plaintiffs have sued the Community Connections, Inc. and the Plan to recover such benefits under ERISA section 502(a)(1)(B).  Doc. #1,¶¶ 60-70; Doc. #15, pp. 3-4.  Plaintiffs recognize that section 502(a)(1)(B) provides them adequate relief.  Doc. #15, pp. 11.

Despite the clear precedent that a plaintiff cannot recover under section 502(a)(3) when they can seek redress under 502(a)(1)(B), Plaintiffs assert that they can bring both claims. Plaintiffs rely on *Wright v. Southwestern Bell Telephone Co.* 925 F.2d 1288, 1291 (10th Cir. 1991) to support their assertion, but that reliance is misplaced.  *Wright* does not address whether a plaintiff can bring a claim under section 502(a)(1)(B) and 502(a)(3).  Instead, the *Wright* Court addressed the statute of limitations in an ERISA based claim.  *Id.*  Further, to the extent the *Wright* Court recognized that the plaintiff below had brought claims under both sections, the *Wright* decision was issued five years before the United States Supreme Court issued its opinion in *Varity*, where it expressly rejected Plaintiffs' position here.

4

Later rulings out of the Tenth Circuit have recognized the *Varity* ruling, noting, "consideration of a claim under 29 U.S.C. 1132(a)(3) is improper when the [plaintiff], as here, states a cognizable claim under 29 U.S.C. § 1132(a)(1)(B), a provision which provides adequate relief for alleged [plaintiff's] injury.  'We should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate.'" *Lefler v. UnitedHealthcare of Utah, Inc.*, 72 Fed. Appx. 818, 826, 2003 WL 21940936, *6 (10th Cir. 2003); *see also Moore v. Berg Enters., Inc.*, 201 F.3d 448, *2 n.2 (10th Cir. 1999)(unpublished table decision)(explaining that a party who has a claim for benefits available to him against the Plan may not "repackage his denial of benefits claim as a claim for breach of fiduciary duty and seek relief under section 1132(a)(3).").

Numerous other Circuit Courts agree with this conclusion.  *See, Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 106 (4th Cir. 2006)(noting that 1132(a)(1)(B) may not proceed with a claim under 1132(a)(3)"); *Antolik v. Saks, Inc.*, 463 F.3d 796, 803 (8th Cir. 2006)("Where a plaintiff is provided adequate relief by the right to bring a claim for benefits under ... 1132(a)(1)(B), the plaintiff does not have a cause of action to seek the same remedy under 1132(a)(3)(B)."); *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 615 (6th Cir. 1998)("Because 1132(a)(1)(B) provides a remedy for [the plaintiff's] alleged injury that allows him to bring a lawsuit to challenge the Plan Administrator's denial of benefits to which he believes he is entitled, he does not have a right to a cause of action for breach of fiduciary duty pursuant to 1132(a)(3)."); *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1475 (9th Cir. 1997)("Equitable relief

under section 1132(a)(3) is not 'appropriate' because section 1132(a)(1) provides an adequate remedy in this case.").

Here, Plaintiffs Complaint comes down to the allegation that they suffered damages because the Plan denied them benefits. Plaintiffs admit they bring a cognizable claim under section 502(a)(1)(B) against the Plan. Any recovery under that section would provide complete redress (to the extent permitted under ERISA) for their alleged injuries. Because their section 502(a)(1)(B) claim provides adequate relief for Plaintiffs' alleged injuries, there is no need for further equitable relief. Plaintiffs' attempt to seek recovery under both 502(a)(1)(B) and 502(a)(3) is prohibited, and their 502(a)(3) claim must fail.

> B.  Plaintiffs' Request for Declaratory Relief, Which They Did not Plead in Their Complaint, Is Insufficient Grounds for Recovery under ERISA Section 502(a)(3).

Plaintiffs admit that their Complaint does not properly plead a claim under section 502(a)(3). Doc. #15, pp. 10. This Court can dismiss Plaintiffs' Complaint for failure to state a claim based upon that fact alone. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, even if this Court accepts Plaintiffs' assertion in their Response, that they do seek equitable relief through declaratory judgment, the Complaint is still insufficient.

Section 502(a)(3) "does not, after all, authorize "appropriate equitable relief" *at large*, but only "appropriate equitable relief" for the purpose of "redressing any violations...or enforcing any provisions of ERISA or an ERISA plan." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 253 (1993).

Plaintiffs request declarations regarding

> 1) Mr. Peters' rights under the plan; 2) RCI's fiduciary status under the Plan pursuant to 29 U.S.C. § 1002(21); 3) whether RCI breached that fiduciary duty to

>the Plaintiffs by failing to administer the Plan in accordance with the Plan documents; and 4) whether RCI proximately caused the Plaintiffs' damages.

Doc. #15, pp. 10. Plaintiffs assert that these declarations are "required for the Plaintiffs to prevail on one or more of their claims." *Id.*

These determinations are not appropriate equitable relief under 502(a)(3), but are nothing more than a thinly veiled claim for benefits under the plan. As in *Mertens,* the Plaintiffs here do not suggest that any alleged violation of the Plan would be enforced by the requested judgment. *Mertens,* 508 U.S. at 253. This is because they would not.

First, RCI's actions have no bearing on Mr. Peters' rights "under the Plan." The Plan is an agreement entered into by the Plaintiffs and the Plan. Doc. #1, ¶¶ 2, 4. This matter can be fully determined without any involvement by RCI. Second, even a determination that RCI was a fiduciary under the plan that breached a fiduciary duty and caused damages would not provide the Plaintiffs redress or result in enforcement of ERISA or the Plan. It would not, for example, result in a reformation of the terms of the plan, or an injunction against RCI to enforce the terms of the Plan, which are traditional forms of appropriate equitable relief.

Further, Plaintiffs' suggestion that declaratory judgment is necessary for the Plaintiffs to prevail on their claims against the other defendants illustrates the true nature of Plaintiffs' claims. Plaintiffs only seek to recover monetary relief from the Plan, not equitable relief against RCI. Despite the "equitable" label, Plaintiffs' request monetary damages because they were denied benefits by the Plan. Courts reject this attempt at "repackaging" a claim. *See, Moore*, 201 F.3d at *2 n.2; *see also Buckley Dement, Inc. v. Travelers Plan Adm'rs of Illinois, Inc.*, 39 F.

3d 784, 788 (7th Cir. 1994)("Petitioners maintain that the object of their suit is...appropriate *equitable* relief under § 502(a)(3).  They do not, however, seek a remedy traditionally viewed as equitable...Although they often dance around the word, what petitioners in fact seek is nothing more than compensatory *damages*– monetary relief for all losses their plan sustained as a result of the alleged breach of fiduciary duties.  Money damages are, of course, the classic for of *legal* relief.").

"Almost invariably...suits seeking (whether by judgment, injunction **or declaration**) to compel the defendant to pay a sum of money to the plaintiff are suits for money damages, as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty."  *Great-West Life & Annu. Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (emphasis added).

Plaintiffs fail to request equitable relief in the first place, but even after their attempt to save the Complaint, they still do not request appropriate equitable relief that would provide them redress or result in the enforcement of any provisions of ERISA or the Plan as against RCI.  Therefore, for these additional reasons, Plaintiffs ERISA section 502(a)(3) claim fails because it does not state a claim upon which relief can be granted.

>C.    Under These Circumstances, ERISA Does Not Provide Plaintiffs a Mechanism for Enforcement against RCI, So it Is Irrelevant Whether Plaintiffs' Have Pleaded with Sufficiency That RCI Is a Fiduciary.

Plaintiffs misapprehend RCI's position.  RCI has never asserted that section 502(a)(3) does not provide individual beneficiaries of an ERISA plan a remedy, but rather that section 502(a)(3) does not provide *these particular plaintiffs a remedy in this particular lawsuit*.

As established above, section 502(a)(3) does not provide these particular Plaintiffs a mechanism for recovery.  First, ERISA section 502(a)(1)(B) can provide Plaintiffs complete redress for all of their alleged injuries.  Therefore, section 502(a)(3) should not come into play.  Even if it was implicated, however, Plaintiffs' Complaint (and brief) fails to seek "appropriate equitable relief" that would provide them redress for any alleged violations.  A mere determination that RCI breached a fiduciary duty will not provide Plaintiffs redress or result in the enforcement of the Plan.

Because section 502(a)(3) does not provide Plaintiffs a mechanism for ERISA enforcement, it does not matter whether the Complaint alleges sufficient factual allegations to support a finding that RCI was acting as a fiduciary.  Although Plaintiffs spend much of their brief alleging that they have pleaded sufficient facts, those facts do not matter if ERISA does not provide them for a mechanism to recover in the first place.

> D.  As a Matter of Law, RCI Is Not a Proper Party Defendant Because it Expressly Does Not Have a Fiduciary Role with Respect to the Final Determination of the Claim.

Not only does the law establish that Plaintiffs' do not state a claim upon which relief can be granted, but Plaintiffs' logic leads to an absurd result.  ERISA requires that ERISA subject plans be in writing.  29 U.S.C. § 1102.  Here, the Plan document provides the Plan Administrator, Community Connections, with "sole, full and final discretionary authority to interpret all Plan provisions...to make determinations in regards to issues relating to eligibility for benefits...[and] to decide disputes that may arise relative to a Plan Participants [sic] rights. "  Exhibit A to Doc. #1, pp. 1, 76.  Community Connections is also the "Named Fiduciary" under

the Plan. *Id.* at pp.82.  More significantly, the Plan expressly declines to make RCI a fiduciary or grant it discretionary authority ("**CLAIMS ADMINISTRATOR IS NOT A FIDUCIARY.** A Claims Administrator is not a fiduciary under the Plan by virtue of paying claims in accordance with the Plan's rules as established by the Plan Administrator.") (emphasis in original).  *Id.* at pp. 77, 82 (wherein the Plan designates RCI as the Claim Administrator and only as the Claim Administrator).  Under these express plan provisions, RCI is not the proper party defendant based on the allegations set forth by Plaintiffs.

A similar issue was addressed in *Niles v. American Airlines, Inc.*, 2007 WL 30607 (D. Kan. 2007)(unpublished) affirmed in part and reversed in part on other grounds by *Niles v. American Airlines, Inc.*, 269 Fed.Appx. 827, (10th Cir. 2008).  In *Niles*, Plan Participants brought suit against the self-funded plan and its Claims Administrator, Metlife.  MetLife's motion for summary judgment was granted based on its contention that it is not a proper party defendant as to plaintiff's benefits claim.  As here, MetLife was not the named fiduciary as that term is defined under ERISA, was not the Plan Administrator, provided only an intermediary review and did not conduct the final review or make the final decision, and was not vested with discretion to determine eligibility for benefits on disputed or denied claims. In determining that Metlife was not the proper party defendant, the Court stated:

> [T]he proper defendant to an ERISA action brought by plan participants to recover benefits due is the entity which controls the ultimate decision to pay or not pay benefits. *Cf, Miller v. Pension Plan for Employees of Coastal Corp.*, 780 F.Supp. 768, 773 (D. Kan.1991), *aff'd* on other grounds, 978 F.2d 622 (10th Cir.1992), cert. denied, 507 U.S. 987 (1993) (granting summary judgment for a defendant employer in an action to recover benefits "for the additional reason that it is not a proper party"); *Palka v. Theodore M. Hylwa, M.D., Inc.*, 1986 WL 22380, *4 (D.

> Kan.1986) (finding a mere advisory role insufficient to constitute "control" of the pension plans and as such, advisors or agents are not proper parties to an ERISA action). The parties point to no language in the plan which vests MetLife with any control over the ultimate determination of disputed or denied claims.
>
> *3 The Plan specifically designates "TWA Airlines LLC" as the plan administrator. Dk. 49, Exh. B, AMA 00212. Where, as here, a plan specifically designates the plan administrator, then that individual or entity is the plan administrator for purposes of ERISA. 29 USC § 1002(16)(A). *See McKinsey v. Sentry Ins.*, 986 F.2d 401, 404-05 (10th Cir.1993) (rejecting theory of de facto administrator in a claim under § 1132(c)).
>
> Additionally, the administrative services agreement between American and MetLife unambiguously reflects the understanding between those defendants that it is American and not MetLife who is the named fiduciary for purposes of § 503 of ERISA and whose responsibility it is to make the final decision on a disputed claim. In its section captioned "ERISA Fiduciary Responsibility," the services agreement states:
>
> American is the named fiduciary as that term is defined under ERISA and Plan Administrator for all purposes including providing a Participant whose claim for benefits has been denied a full and fair review of the decision denying the claim ... On a disputed or denied claim, American has the discretionary authority to determine eligibility for benefits, to construe the terms of the Plan and to determine the validity of charges submitted for reimbursement under the Plan. American's decision on appeal of the denied or disputed claim shall be the final review.")
>
> See Dk. 44, Exh. A, AMA 01121, 01127. *See also Terry v. Bayer Corp.*, 145 F.3d 28, 35-36 (1 st Cir.1998); *See also Kodes v. Warren Corp.*, 24 F. Supp.2d 93, 101 (D. Mass.1998); *Nicholson v. Prudential Insurance Company of America*, 235 F. Supp.2d 22, 26-27 (D. Maine 2003) (dismissing claim for benefits against third-party administrator). Accordingly, the court finds that because MetLife is a third party service provider and is not a fiduciary of the plan, it is not amenable to a suit under § 1132(a)(1)(B).

While *Niles* addressed a claim for benefits under § 1132(a)(1)(B), its rationale would seem to be even more compelling where, as here, the plaintiff is trying to hold a specifically identified non-fiduciary individually liable for denied benefits that it never had the obligation to fund in the first

11

place.[1] Despite the fact that the Plan dictates that Community Connections has sole discretion to interpret the plan and to determine eligibility for benefits, Plaintiffs assert that RCI should have usurped the Plan Administrator's authority, contradicted its findings made in the exercise of its sole discretion and paid the Peters's benefits with money that was not its own. Under Plaintiffs' reasoning, RCI should have violate the Plan by usurping Community Connections' sole discretion, or subjected itself to fiduciary liability for following the interpretation of the Plan that the Named Fiduciary and Plan Administrator determined to be the correct interpretation of the plan. Plaintiffs' position is unreasonable and should be against public policy because regardless of RCI's actions, it would either violate the Plan terms or breach a fiduciary duty.

## CONCLUSION

Section 502(a)(3) of ERISA does not provide the Plaintiffs here a right to recovery, even when assuming all facts in the Complaint are true. Plaintiffs' Complaint does not request equitable relief, and even the equitable relief requested in the Plaintiffs' Response is not appropriate equitable relief under ERISA because it will not redress Plaintiffs' injuries nor cause RCI to enforce the Plan. Plaintiffs fail to state a claim upon which relief can be granted, so their Complaint against RCI must be dismissed, in its entirety, with prejudice.

---

[1] The fact that the *Niles* court granted summary judgment, rather than a motion to dismiss is not significant in this context. As previously noted in our motion to dismiss, in ruling on a motion to dismiss for failure to state a claim, in addition to the complaint, the court "may consider attached exhibits and documents incorporated into the complaint, so long as the parties do not dispute the documents' authenticity." *Kerber v. Qwest Group Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011). The determination here can be made based on reviewing only those documents attached to the Complaint.

WHEREFORE, Defendant Regional Care, Inc. respectfully requests this Court enter an order dismissing Plaintiffs' claims against RCI with prejudice and for any other relief this Court deems just and proper.

Respectfully submitted this 28th day of March, 2012.

                                           s/ *Alison Sorkin*
                                         Dean McConnell Esq., #18917
                                         Alison C. Sorkin, Esq. #41674
                                         *Attorneys for Defendants*
                                         Kennedy Childs P.C.
                                         633 17th Street, Suite 2200
                                         Denver, CO   80202
                                         Telephone:  (303) 825-2700
                                         Fax:  (303) 825-0434
                                         Email: dmcconnell@kennedychilds.com
                                                       asorkin@kennedychilds.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2012, I electronically filed the foregoing **DEFENDANT REGIONAL CARE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CLAIMS PURSUANT TO F.R.C.P. 12(b)(6) FOR FAILURE TO STATE A CLAIM** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses:

Gregory R. Giometti
Carl W. Dowdy
Gregory R. Giometti & Associates, P.C.
50 South Steele Street, Suite 480
Denver, CO  80209
ggiometti@giomettilaw.com
cdowdy@giomettilaw.com


Michael C. Santo, Esq.
Alicia M. Williams, Esq.
Bechtel & Santo, L.L.P.
205 N. 4th Street, Suite 300
Grand Junction, CO 8l501
santo@bechtelsanto.com
williams@bechtelsanto.com


    s/ *Alison Sorkin*
Dean McConnell Esq., #18917
Alison C. Sorkin, Esq. #41674
*Attorneys for Defendants*
Kennedy Childs P.C.
633 17th Street, Suite 2200
Denver, CO   80202
Telephone:  (303) 825-2700
Fax:  (303) 825-0434
Email: dmcconnell@kennedychilds.com
       asorkin@kennedychilds.com