IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No: 11-CV-03186-RPM

MARK PETERS and
PATRICIA PETERS,

    Plaintiffs,

v.

COMMUNITY CONNECTIONS, INC. EMPLOYEE BENEFIT PLAN;
COMMUNITY CONNECTIONS, INC., a Colorado Corporation;

    Defendants.

---

ORDER ON SUMMARY JUDGMENT MOTIONS

---

Patricia Peters and her husband, Mark Peters, were participants in the Community Connections, Inc. Employee Benefit Plan, established by her employer, Community Connections, Inc., a non-profit corporation in Durango, Colorado, when Mark Peters was injured on June 23, 2010, while operating hay baling equipment on a small farm they own near Cortez, Colorado. Community Connections self funds the Plan and is the Plan Administrator, Named Fiduciary and Sponsor. It contracts with Regional Care, Inc. ("RCI") as the third party administrator, providing administrative services to the Plan. Community Connections obtained stop-loss insurance from International Assurance of Tennessee, Inc. ("IAT"), effective June 1, 2010, to pay claims exceeding $27,500.

Mr. Peters' injuries included a lacerated liver requiring urgent care at a hospital in Grand Junction, Colorado, to which he was transported by helicopter. The expenses for his treatment

exceeded $60,000.

RCI approved payment of more than $27,500 and submitted the claim to IAT. It rejected payment under the insurance policy exclusion of "expenses for benefits for accidental bodily injury or sickness arising out of or in the course of any occupation for wage or profit, or complication therefrom." That decision was sent to RCI by an email on August 31, 2010.

The exclusion relied on by the stop-loss insurance company is not in the Plan. On or about September 17, 2010, RCI sent revised Explanation of Benefit letters stating that the medical claims previously paid were being denied because coverage was not provided for "sickness covered by Workers' Compensation law, occupational disease law, or laws of similar character, or injury arising out of any occupation or employment for compensation, profit or gain."

After exhausting the administrative appeals provided for in the Plan, Mark and Patricia Peters filed this civil action for benefits pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq.

The parties submitted the administrative record and dispute whether some documents should be considered. It is not necessary to resolve that dispute to adjudicate the issue which the parties have briefed in their respective motions for summary judgment.[1]

Much of the administrative record and the briefing concerns whether the Peters farm was

---

[1] Fed.R.Civ.P. 56 is not applicable to ERISA actions but the Tenth Circuit Court of Appeals has considered summary judgment as a vehicle to decide the case on the administrative record. *See LaAsmar v. Phelps Doge Corp. Life, Accidental Death & Dismemberment and Dependent Life Ins. Plan*, 605 F.3d 789, 796 (10th Cir. 2010)("[S]ummary judgment is merely a vehicle for deciding the case; the factual determination of eligibility for benefits is decided solely on the administrative record, and the non-moving party is not entitled to the usual inferences in its favor.")

operated as a business for profit. There is evidence to support the view taken by IAT but that is not the relevant question. The basis for the denial of the Plan is Exclusion 82 which reads:

> (82) **Worker's Compensation**. Expenses for or in connection with any Injury or Illness which arises out of or in the course of any occupation for which the Covered Person would be entitled to compensation under any workers' compensation act, law, or similar legislation, *including those situations whereby the Covered Person lawfully chose not to be covered or waived or failed to assert his/her rights under a workers' compensation law, act, or similar legislation.*
>
> Expenses for injuries which were eligible for payment under Worker's Compensation or similar law and have reached the maximum reimbursement paid under Worker's Compensation or similar law will not be eligible for payment under this Plan.

(Pls.' Ex. 1 at RCI (Peters) – 000051, emphasis added).

It may be assumed that the Peters farm could be classified as a farming business operated by Mark Peters as a sole proprietorship with no employees and that the Colorado Workers' Compensation Act would permit him to purchase workers' compensation insurance to enable him to obtain statutory benefits under the Act. The defendants' position is that because Colorado law permitted Mark Peters to elect workers' compensation coverage for himself and he opted not to do so, Exclusion 82 bars payment of Plan benefits.

The Plan provides discretionary authority to the Plan Administrator to interpret the Plan provisions and the defendants assert that this Court must defer unless the interpretation resulting in denial of benefits is arbitrary and capricious. There is no difficulty in making that finding in this case. As a sole proprietor with no employees, Mark Peters is exempt from the requirements of the Colorado Workers' Compensation Act. To interpret the exclusionary language of "chose not to be covered" to mean chose not to elect to obtain workers' compensation is more than unreasonable. It is ridiculous. There is no rational reason for Mark Peters to pay premiums to a

workers' compensation insurer for coverage of himself to obtain the limited benefits of such a policy for himself.

The arbitrary and capricious standard of review is not appropriate in this case because Community Connections has an obvious conflict of interest as the Plan Administrator. It had no objection to RCI's initial decision to pay benefits for Mark Peters' medical expenses before receiving the denial of its stop loss insurance coverage. The decision to invoke Exclusion 82 was made to try to avoid the financial impact of bearing the loss itself. Under a *de novo* or reduced deference standard of review there is even more clarity in concluding that the plaintiffs are entitled to recover the Plan medical benefits for the injury sustained by Mark Peters on June 23, 2010.

Based on the foregoing it is

ORDERED that the plaintiffs' motion for summary judgment is granted, and it is

FURTHER ORDERED that the defendants' motion for summary judgment is denied, and it is

FURTHER ORDERED that the parties shall have to and including August 23, 2013 to submit a proposed form of judgment.

Dated: August 9, 2013

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge